*In re* GEORGE MARSON, appellant from the court of insolvency.

Kennebec.    Opinion February 5, 1880.

When a petition in insolvency has been served and placed on the files of the court and the proceedings have been subsequently dismissed, such petition cannot be withdrawn from the files, and re-issued and made the basis of subsequent proceedings.

*Heath & Wilson*, for the appellant.

*G. J. Moody*, for the petitioner.

APPLETON, C. J.    This is an appeal from the court of insolvency.

It appears that the creditors of George Marson duly filed in the court of insolvency their several petitions, dated December 13, 1878, under the provisions of c. 74, of the acts of 1878, § 15; that the judge of insolvency determined that the allegations therein were true; that he issued his warrant to the sheriff as messenger as provided by § 14; that the same was duly served and placed on file and that after all this was done these proceedings were dismissed and new proceedings instituted by withdrawing the petitions and other papers from the files of court and,

after altering respectively the dates of the same, re-issuing and serving the same.

The objection taken is that these papers having once been in the custody of the court, and belonging to a cause pending, and having accomplished their purpose could not be withdrawn and re-issued in a new proceeding, having the same end in view.

The petitions of the several creditors had once constituted the basis of judicial action. They had accomplished their purpose. A warrant had been issued and served. The papers were on file and should remain there. Undoubtedly petitions, or warrants may be amended. But this is not the case of an amendment. It is the institution of a new process. There is a new petition, a new judgment of court followed by a new warrant and service thereon.

In *Lyford* v. *Bryant*, 38 N. H., 89, a writ was quashed on motion for a defect apparent on its face. "It is said," observes Bell, J., in delivering the opinion of the court, "that the cause for quashing the writ was, that it was drawn upon a blank, which had been before used for the commencement of another action which had been entered in court. Beyond doubt, such a blank, having been once so used, has performed its office and it has ceased to be capable of use to draw a valid writ upon afterwards. The uniform practice has been to quash writs so drawn at once and there seems to us no doubt of its propriety."

So, in *Parsons* v. *Shorey*, 48 N. H., 556, it was held that a writ, which had been served by attaching the defendant's real estate, though no service had been made on him could not be used to commence a new action of later date between the same parties. In *Gardner* v. *Webber*, 16 Pick., 251, and in *Parkman* v. *Crosby*, 16 Pick., 297, it was held that when real estate had been attached from time to time on a writ, the return day being altered from time to time, but the writ had not been returned nor a summons left with the defendant until after the last attachment, that these proceedings did not vitiate the writ. But in neither of these cases had there been a previous service on the defendant, or an entry of the action. No case can be found where it has been held that a writ which has been served and entered in

court could, upon the disposition of that action by nonsuit, the entry of neither party, or its dismissal, be used again as a valid blank by withdrawing it from the files of the court, by changing the date, and the return day, and inserting new parties, or retaining the old ones. Here the papers had accomplished the purpose of their existence. They were on file as part of the records of the court. Each party had a right to require that they should there remain. They could not properly be withdrawn. The alterations and erasures, if permitted, would leave matter for future doubt and speculation. The register and the judge are entitled to their several fees for their respective official acts. To allow such a practice, as in the case under consideration, "would tend to give the process and files of the court an unseemly and slovenly appearance," and deprive the officers of the court of their legal fees. *Parsons* v. *Shorey*, 48 N. H. 556.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.